IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES M. RAPER, JR.                                                    PLAINTIFF

v.                              No. 4:21-cv-97-DPM

THOMAS DEEN, Prosecuting
Attorney 10th Judicial District;
DENISE MCMILLAN, Public Defender
10th Judicial District                                                 DEFENDANT

## ORDER

1. Raper's application to proceed *in forma pauperis*, Doc. 1, is granted. He reports living on disability income.

2. The Court must screen Raper's complaint. 28 U.S.C. § 1915(e)(2). Raper says that Deen is guilty of prosecutorial misconduct, violating double jeopardy, and malicious prosecution. He also says McMillan ineffectively defended him, culminating in her coercing him to take a plea deal. Raper wants his criminal record expunged and money damages.

3. The Court takes judicial notice of the public records in Raper's various state court proceedings, some open and some closed. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). The Court is barred from addressing any on-going state criminal case, *Younger v. Harris*, 401 U.S. 37 (1971), and cannot award damages under § 1983 unless a conviction has been invalidated. *Heck v. Humphrey*, 512 U.S.

477 (1994). If Raper is challenging the validity of a conviction, such as his assertion of a coerced plea, he must first exhaust his state remedies and then pursue a petition for writ of *habeas corpus*. In any event, Deen is entitled to absolute immunity for his work as a prosecutor. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). And no constitutional claims exist against McMillian because public defenders do not act "under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Raper's complaint will therefore be dismissed without prejudice.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 February 2021